UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIN LAKHANI,
    Plaintiff,

vs.

SUNSHINE STATE HOLDINGS II, INC. and
MAHI & EMRAN INC,
    Defendants.

## COMPLAINT

Plaintiff, AMIN LAKHANI (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, SUNSHINE STATE HOLDINGS II, INC. and MAHI & EMRAN INC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

### JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a store located on or about 2691 N. Dixie Hwy, Pompano Beach FL 33064 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

1

## PARTIES

4. Plaintiff, AMIN LAKHANI, is over the age of 18, sui juris, a resident of the State of Florida, and a qualified individual under the ADA. Plaintiff has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, commonly known as Charcot-Marie-Tooth Disorder, which substantially limits one or more major life activities and has required him to use a wheelchair for mobility since he was 15 years old.

5. Plaintiff resides approximately 38 miles from the Subject Premises and regularly travels around South Florida as well as the Pompano Beach area.

6. Defendant, SUNSHINE STATE HOLDINGS II, INC., is a Florida profit corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

7. Pursuant to the Broward County Property Appraiser's Office, Defendant, SUNSHINE STATE HOLDINGS II, INC., is the owner of the real property located on or about 2691 N. Dixie Hwy, Pompano Beach FL 33064 (the "Subject Premises").

8. Defendant, MAHI & EMRAN INC. is a Florida profit corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

9. According to the Florida Department of Business and Professional Regulation, the Defendant, MAHI & EMRAN INC, d/b/a FOOD PLUS FOOD STORE was issued a Retail Beverage license on April 6, 2016 for the Subject Premises.

## FACTUAL ALLEGATIONS AND CLAIM

10. Plaintiff, in his individual capacity, has visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers,

resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

11. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

13. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

15. As the Subject Premises was designed, constructed, and received its State Licensure on December 5, 2016, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

**16.** The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**17.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**18.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**19.** On October 19, 2024, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**20.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

<u>**COUNT I**</u>
<u>**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**</u>
**(Against All Defendants)**

**21.** Plaintiff restates Paragraphs 1-20 as though fully set forth herein.

**22.** Defendants, SUNSHINE STATE HOLDINGS II, INC. and MAHI & EMRAN INC. have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

23. SUNSHINE STATE HOLDINGS II, INC., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

24. MAHI & EMRAN INC., as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

25. The specific physical barriers, dangerous conditions, and ADA violations that limit Plaintiff's ability to access the Subject Premises and fully enjoy its goods, services, facilities, privileges, advantages, and/or accommodations are as follows:

**Accessible Parking Spaces**

    i. **Non-Compliant Surface Slope**
The accessible parking space has a non-compliant surface slope, making it difficult for wheelchair users to safely park and exit their vehicles. This is a violation of §502.4 of the 2010 ADA Standards. Correcting the slope is readily achievable.

    ii. **Non-Compliant Access Aisle Width**
The access aisle does not meet the required width, preventing wheelchair users from maneuvering safely to and from their vehicles. This is a violation of §502.3 of the 2010 ADA Standards. Widening the access aisle is readily achievable.

    iii. **Broken Parking Surface**
The surface of the accessible parking space is broken, creating changes in level that pose hazards for wheelchair users when navigating the space. This is a violation of §502.4 of the 2010 ADA Standards. Repairing the surface is readily achievable.

    iv. **Missing Penalty Signage**
The accessible parking space is missing the required sign indicating penalties for illegal use, which creates confusion and increases the likelihood of unauthorized use, reducing availability for wheelchair users. This is a violation of §502.6 of the 2010 ADA Standards. Installing a compliant sign is readily achievable.

    v. **Faded Lines**
The lines marking accessible parking spaces and access aisles have faded due to lack of maintenance, making it difficult for wheelchair users to identify designated spaces. This is a violation of §502.3 and §36.211 of the 2010 ADA Standards. Repainting the lines is readily achievable.

### Cashier Counter

vi. **Missing Lower Counter**
The cashier counter does not provide a lower portion accessible to wheelchair users, making it difficult for them to make payments or interact with staff. This is a violation of §904.4.1 of the 2010 ADA Standards. Adding a lower portion to the counter is readily achievable.

### Accessible Route Towards Restroom

vii. **Encroached Passage Width**

Store merchandise encroaches on the passage width, creating obstacles that make it difficult for wheelchair users to navigate the route to the restroom. This is a violation of §403.5.1 of the 2010 ADA Standards. Relocating the merchandise to provide the required width is readily achievable.

### Public Restroom

viii. **Non-Compliant Doorway Width**
The doorway opening to the restroom does not provide a compliant clear width, making it difficult or impossible for wheelchair users to enter. This is a violation of §404.2.3 of the 2010 ADA Standards. Widening the doorway is readily achievable.

ix. **Insufficient Maneuvering Clearance**

The restroom door does not have the required maneuvering clearance on the pull side, making it difficult for wheelchair users to open the door independently. This is a violation of §404.2.4 of the 2010 ADA Standards. Adjusting the clearance is readily achievable.

x. **Non-Compliant Door Hardware**
The restroom door is equipped with non-compliant knob-type hardware, requiring grasping and turning of the wrist to operate, which is not feasible for many wheelchair users. This is a violation of §404.2.7 of the 2010 ADA Standards. Replacing the hardware with accessible handles is readily achievable.

xi. **Insufficient Lavatory Knee Clearance**

The lavatory does not provide the required knee clearance, preventing wheelchair users from using the sink comfortably. This is a violation of §606.2.2 of the 2010 ADA Standards. Modifying the lavatory to meet clearance requirements is readily achievable.

xii. **Unwrapped Bottom Sink Pipes**

The bottom sink pipes under the lavatory are unwrapped, exposing wheelchair users to potential harm from hot or sharp surfaces. This is a violation of §606.5 of the 2010 ADA Standards. Wrapping the pipes is readily achievable.

xiii. **Non-Compliant Doorway to Toilet Area**

The doorway opening towards the toilet area does not provide a compliant clear width, making it difficult for wheelchair users to access the stall. This is a violation of §404.2.3 of the 2010 ADA Standards. Adjusting the doorway width is readily achievable.

xiv. **Insufficient Clearance Around Water Closet**

The clearance around the water closet is insufficient, measuring only 31.75 inches, making it impossible for wheelchair users to maneuver properly. This is a violation of §604.3.1c of the 2010 ADA Standards. Providing the required clearance is readily achievable.

xv. **Missing Rear Wall Grab Bar**

The water closet is missing the required rear wall grab bar, making it unsafe for wheelchair users to transfer to and from the toilet. This is a violation of §604.5.2 of the 2010 ADA Standards. Installing a grab bar is readily achievable.

xvi. **Missing Side Wall Grab Bar**

The water closet is missing the required side wall grab bar, making it difficult for wheelchair users to stabilize themselves while transferring. This is a violation of §604.5.1 of the 2010 ADA Standards. Installing a grab bar is readily achievable.

xvii. **Insufficient Wheelchair Turnaround Space**

The clear floor space in the restroom does not provide the required diameter for wheelchair turnaround, making it difficult for wheelchair users to maneuver. This is a violation of §304.3 of the 2010 ADA Standards. Adjusting the floor space is readily achievable.

26. The barriers, conditions, and violations described above are not exhaustive but represent those personally encountered by Plaintiff. These violations deprive Plaintiff and other

similarly situated individuals of full and equal enjoyment of the Subject Premises, in violation of 42 U.S.C. § 12182 and the ADAAG.

27. A comprehensive inspection of the Subject Premises is in the best interest of all individuals with disabilities, including Plaintiff, to ensure full compliance with the ADA and ADAAG for all disabled customers. Such an inspection would also benefit all parties to this action. For Plaintiff, it would reduce the likelihood of further discrimination, difficulty, frustration, and social embarrassment from encountering additional barriers to access after achieving full and unrestricted access to all public areas of the Subject Premises. For Defendants, the inspection would allow for the efficient identification and remediation of all barriers to access, enabling the Subject Premises to comply with the ADA, which has been in effect for over three decades, and thereby prevent future discrimination against individuals with disabilities.

28. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

29. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

30.     Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

31.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

32.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

33.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

34.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

35.     Plaintiff requests an inspection of the Subject Premises in order to determine all of the discriminatory acts violating the ADA, including specifically those barriers to access concealed when Plaintiff encountered and observed the initial barriers to access detailed above.

36.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
Attorney for Plaintiff
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573 2106
GGoldstein@G2Legal.net